# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD A. SMITH,<br><br>        Petitioner,<br><br>  v.<br><br>MATT KRAMMER, Warden,<br><br>        Respondent. | 1:07-cv-01133-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc. 8)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on August 6, 2007. (Doc. 1). On January 15, 2008, the Court ordered Respondent to file a response. (Doc. 5). On March 14, 2008, Respondent filed the instant motion to dismiss. (Doc. 8). Petitioner did not file an opposition to the motion to dismiss.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Respondent's motion to dismiss asserts that the petition is untimely. 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss

for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

Here, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period.  Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

<u>B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997).  Because this action was commenced in 2007, the instant petition is subject to the AEDPA's limitation period.

The AEDPA imposes a one-year limitation period on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on March 27, 1998 and he appealed that conviction to the California appellate courts. (Doc. 10, Lodged Document ("LD") 1, 2). Petitioner filed a petition for review that was denied by the California Supreme Court on July 12, 2000. (LD 3-4). Thus, direct review would have concluded on October 11, 2000, when the ninety day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).[1] Petitioner would then have one year from the following day, October 12, 2000, or until October 11, 2001, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, the petition was not filed until August 6, 2007, almost six years after the limitation period would have expired. Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S.4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that "a California petitioner 'completes a full round of collateral review,'" so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 219-200, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F. 3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when statutory tolling is not allowed. For example, no statutory tolling is allowed for the period of time between finality of an

---

[1] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

3

1 appeal and the filing of an application for post-conviction or other collateral relief in state court.
2 Nino, 183 F. 3d at 1006-1007.  Similarly, no statutory tolling is allowed for the period between
3 finality of an appeal and the filing of a federal petition.  Id. at 1007.  In addition, the limitation period
4 is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 533 U.S.
5 167, 181-182, 121 S. Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir.
6 2001).  A petitioner is not entitled to statutory tolling where the limitation period has already run
7 prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F. 3d 820, 823 (9th Cir.
8 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended
9 before the state petition was filed."; Jiminez v. White, 276 F. 3d 478, 481 (9th Cir. 2001).  Finally, a
10 petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated
11 claims.  See Gaston v. Palmer, 447 F. 3d 1165, 1167 (9th Cir. 2006).

12      Here, Respondent has lodged documents with the Court establishing that Petitioner filed the
13 following state habeas petitions: (1) petition filed in the California Supreme Court on December 22,
14 2000, and denied on April 25, 2001 (LD 5);  (2) petition filed in the California Court of Appeal, Fifth
15 Appellate District ("5th DCA") on November 30, 2001, and denied on January 2, 2002 (LD 6, 7);
16 (3) petition filed in the Fresno County Superior Court in October 2004, and denied on November 9,
17 2004 (LD 14, 15); (4) petition filed in the 5th DCA on January 12, 2005, and denied February 24,
18 2005 (LD 8, 9); (5) petition filed in the California Supreme Court on September 8, 2006, and denied
19 March 21, 2007 (LD 10, 11); and (6) petition filed in the 5th DCA on May 3, 2007, and denied on
20 May 22, 2007 (LD 12, 13).

21      Assuming, without deciding, that the first and second petitions were entitled to statutory
22 tolling as "properly filed" under the AEDPA, they would entitle Petitioner to 124 days of tolling and
23 33 days of tolling, respectively, for a total of 157 days of tolling.  However, Respondent contends
24 that Petitioner is not entitled to tolling for the interval between the first and second petitions because
25 Petitioner was not proceeding to a *higher* state court.  The Court agrees.

26      Petitioner is entitled to interval tolling when he is proceeding to a higher court from a lower
27 one.  Carey, 536 U.S. at 219, 221-223(a petition is deemed "pending" during the intervals between a
28 lower state court decision and the filing of another petition in a higher state court); Biggs v. Duncan,

4

339 F. 3d 1045, 1048 (9th Cir. 2003).  Petitioner is not entitled to tolling during the pendency of a petition that is not filed in a *higher* court than the previously filed petition.  See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  Here, because the first petition was filed in the California Supreme Court and the second petition in the 5th DCA, Petitioner did not file the second petition in a higher court and hence is not entitled to tolling for the interval between the two petitions.

Thus, Petitioner is entitled only to the 157 days of tolling for the periods when the two petitions were actually pending.   Those additional 157 days would extend the one-year limitation deadline from October 11, 2001 until March 18, 2002.  Petitioner did not file another state petition, however, until October 2004, two and one-half years *after* the one-year period would have expired.  A petitioner is not entitled to tolling where the limitation period has already run prior to filing a state habeas petition.  Jiminez, 276 F. 3d at 482; Green v. White, 223 F.3d 1001, 1003 (9th  Cir. 2000); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitation period).   Here, as mentioned, the limitation period expired on March 18, 2002, approximately thirty-one months *before* Petitioner filed his next state habeas petition.  Accordingly, the third, fourth, fifth, and sixth state petitions, having been filed after the one-year limitation period had expired, do not entitled Petitioner to the statutory tolling provisions of the AEDPA.

Because the last four state petitions are not entitled to statutory tolling, the petition, filed on August 6, 2007, was untimely by almost five and one-half years, unless Petitioner is entitled to equitable tolling for that period of time.

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  In most instances, a petitioner seeking equitable tolling has "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(internal quotation marks and citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no claim of entitlement to equitable tolling and, after fully reviewing the record, the Court is not aware of any basis to support such a claim in any event. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling.

Thus, because the petition is untimely by almost five and one-half years, Respondent's motion to dismiss should be granted and the petition should be dismissed.

## **RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 8), be GRANTED and the petition for writ of habeas corpus (Doc. 1), be DISMISSED as untimely under 28 U.S.C. § 2244(d).

These findings and recommendation are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 21, 2009**                        /s/ Theresa A. Goldner
                                                UNITED STATES MAGISTRATE JUDGE