# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD A. SMITH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MATT KRAMMER, Warden,<br><br>　　　　　Respondent. | 1:07-cv-01133- OWW-TAG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 13)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 8)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On January 21, 2009, the Magistrate Judge assigned to the case issued findings and recommendations recommending the petition for writ of habeas corpus be dismissed as untimely under 28 U.S.C. § 2244(d) . (Doc. 13). The findings and recommendations were served on all parties and contained notice that any objections were to be filed within fifteen days from the date of service of that order. To date, the parties have not filed timely objections to the findings and recommendations.

///

1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted
2 a *de novo* review of the case.  Having carefully reviewed the entire file, the Court concludes that
3 the Magistrate Judge's findings and recommendations are supported by the record and proper
4 analysis.

5    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
6 district court's denial of his petition, and an appeal is only allowed in certain circumstances.
7 Miller-El v. Cockrell, 537 U.S. 322, 335-336, 123 S. Ct. 1029 (2003).   The controlling statute in
8 determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as
9 follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

19    If a court denied a petitioner's petition, the court may only issue a certificate of
20 appealability when a petitioner makes a substantial showing of the denial of a constitutional
21 right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that
22 "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
23 been resolved in a different manner or that the issues presented were 'adequate to deserve
24 encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595
25 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383 (1983)).

26    In the present case, the Court finds that Petitioner has not made the required substantial
27 showing of the denial of a constitutional right to justify the issuance of a certificate of
28 appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not

entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, issued January 21, 2009 (Doc. 13), are ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 8), is GRANTED;
3. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;
4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and
5. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 4, 2009**                       /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE